IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA CONWAY | ) |
| | ) |
| v. | ) NO. 3-16-0858 |
| | ) JUDGE CAMPBELL |
| KUMARI S. FULBRIGHT, et al. | ) |

MEMORANDUM

Pending before the Court is Plaintiff's Objection to Defendant's Notice of Removal as Untimely (Docket No. 3) which is actually a Motion to Remand. Plaintiff asks the Court to promptly remand this action to Davidson County Circuit Court because Defendant's Notice of Removal was untimely.

For the reasons stated herein, Plaintiff's Motion to Remand (Docket No. 3) is GRANTED, and this action is REMANDED to the Davidson County Circuit Court for further proceedings.

Plaintiff filed this action on March 9, 2016, in the Davidson County Circuit Court. Plaintiff alleges that service upon Defendants was complete on March 9, 2016. Defendants filed their Notice of Removal on May 6, 2016.

Pursuant to federal law, a notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action. 28 U.S.C. § 1446(b). If Plaintiff's allegation of service on March 9, 2016, is correct, therefore, Defendants' Notice of Removal was untimely.

Tennessee law provides that service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. Tenn. R. Civ. P. 4.04(10). Service by mail is complete upon mailing. Tenn. R. Civ. P. 4.04(11). An indication of "unclaimed" on a properly addressed registered or certified letter is sufficient evidence

of the defendant's refusal to accept delivery and when that written return receipt is returned and filed in the action, it is deemed an actual and valid service of process. *Id*. Service of a person outside the State of Tennessee may be made by any form of service authorized for service within the state pursuant to Rule 4.04. Tenn. R. Civ. P. 4.05(1)(a).

Plaintiff has attached to his Motion copies of the return of service filed with the state court, indicating that Plaintiff mailed process to Defendants via certified mail on March 9, 2016. Docket No. 3-1. Thus, under Tennessee law, process upon Defendants was complete on March 9, 2016. Defendants have not rebutted this fact.

Defendants argue that Ms. Fulbright did not receive notice of the service of process until April 9, 2016. But Defendants fail to cite any authority for the Court to ignore the clear Tennessee Rule that service is complete upon mailing. In fact, Defendants cite no authority at all for their response.

On a motion to remand, the defendant bears the burden of establishing that removal was proper. *Atkinson v. Morgan Asset Mgmt., Inc.*, 664 F.Supp.2d 898, 902 (W.D. Tenn. 2009). Also, the removal petition is to be strictly construed, with all doubts resolved against removal. *Id*.

Resolving all doubts in favor of the non-removing party (Plaintiff), the Court finds that service upon these Defendants was accomplished, pursuant to Tennessee law, on March 9, 2016. Therefore, Defendants' Notice of Removal was untimely. This case is REMANDED to the Davidson County Circuit Court for further proceedings.

IT IS SO ORDERED.

                                                                TODD J. CAMPBELL
                                                                UNITED STATES DISTRICT JUDGE